IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01324-CBS

JASON MOORE,

     Plaintiff,

v.

JOE ORTIZ, et al.,
WARDEN CROUSE,
CORRECTIONAL CORP OF AMERICA, and
OFFICER BISHOP,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO AMEND COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Jason Moore is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Buena Vista, Colorado, Correctional Facility.  Mr. Moore has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated.  Mr. Moore seeks declaratory and injunctive relief and money damages.

The Court must construe the Complaint liberally because Mr. Moore is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Moore will be ordered to amend and assert personal participation by properly named defendants and to show cause why the Complaint should not be dismissed for failure to

exhaust administrative remedies.

Mr. Moore must assert personal participation by a named defendant in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Defendants, such as Joe Ortiz and Warden Crouse, may not be held liable merely because of their supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Moore is a prisoner confined in a correctional facility.  He claims in this action that Defendants violated his Eighth Amendment rights.  Because the issues Mr. Moore raises in the Complaint relate to prison conditions he must exhaust the available

administrative remedies.

Section 1997e(a) also "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Moore must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211.

In response to Question One under Section "F. Administrative Relief," on Page Seven of the Complaint form, Mr. Moore states that there is a grievance procedure at the institution where he is confined.  In response to Question Two under the same section, Plaintiff states that he did not exhaust his administrative remedies because "[he] was not provided with this process at C.C.F. and was later moved to another facility in which the time limitations expired."

It is not clear what Plaintiff means when he states he was not provided with the grievance process.  Further, simply because the time limitations have expired does not mean that Plaintiff is exempt from exhausting his remedies.  Mr. Moore must describe with specificity either how he exhausted his remedies or how he attempted to exhaust administrative remedies pursuant to the inmate grievance procedure and was denied the ability to do so because he was not provided with the grievance process.  He also must assert the date he was moved to another facility after the alleged constitutional violations took place at the Crowley Correctional Facility.

Therefore, Mr. Moore will be ordered to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.  Mr. Moore is advised that § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v.**

*County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Moore has not exhausted administrative remedies for all of the claims he raises in this action, the entire Complaint must be dismissed. Furthermore, § 1997e requires that Plaintiff properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006). Accordingly, it is

ORDERED that Mr. Moore file **within thirty days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order and that shows cause why the Amended Complaint should not be dismissed for failure to exhaust the administrative remedy procedure. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Moore, together with a copy of this Order, two copies of a current Court-approved Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Moore submit sufficient copies of the Amended Complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Moore fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

4

DATED at Denver, Colorado, this 22nd day of August, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-01324-BNB

Jason Moore
Prisoner No. 121388
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211-2017

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _8/22/06_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk