IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01324-MSK-BNB

JASON MOORE,

        Plaintiff,

v.

JOE ORTIZ, ET AL,
WARDEN CROUSE,
CORRECTIONAL CORP OF AMERICA,
OFFICER BISHOP,
SGT. RUBIO,
OFFICER MARTINEZ,
OFFICER DIVERS, and
LT. ROBERO,

        Defendants.

_____

## OPINION AND ORDER DISMISSING ACTION
_____

**THIS MATTER** comes before the Court *sua sponte*.

On June 30, 2006, the Plaintiff commenced this action *pro se*, filing a Motion for Leave to

Proceed *In Forma Pauperis* (**# 1**), pursuant to 29 U.S.C. § 1915.  On July 25, 2006, United

States Magistrate Judge Craig B. Shaffer granted (**# 6**) the Plaintiff's motion.  The Order granting

leave to proceed *in forma pauperis* contained the following advisement:

> [It is] FURTHER ORDERED that, after payment of the initial
> partial filing fee, the plaintiff shall be required to make monthly
> payments of twenty percent (20%) of the preceding month's
> income credited to his [inmate] trust fund account or show cause
> each month as directed above [by filing a certified copy of his trust

> fund account statement] why he has no assets and no means by
> which to make the monthly payment.

*Docket* # 6 at 2.

The docket reflects that the Plaintiff paid the initial partial filing fee on August 11, 2006, but since then, he has neither made monthly payments nor shown cause why he cannot do so. The Plaintiff's failure to make the monthly payments was the subject of an Order to Show Cause (**# 26**), issued by this Court on November 13, 2006, and directing the Plaintiff to make the required monthly payments by the 15th of each month, or to file a certified copy of his inmate trust account statement for the preceding month. The Order to Show Cause advised the Plaintiff that failure to comply would result in dismissal of the case.

On December 15, 2006, the Plaintiff again failed to make the required monthly payment or to show cause why he is unable to do so. When a party fails to comply with the orders of the Court, the Court assesses the appropriate sanction to be imposed by considering the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992). *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir.1994). Under *Ehrenhaus*, the Court considers: (i) the degree of actual prejudice to the other party; (ii) the degree of prejudice to the judicial process; (iii) the culpability of the litigant; (iii) whether the Court warned the party in advance of the consequences for non-compliance; and (iv) the efficacy of lesser sanctions. 965 F.2d at 921. In weighing these factors, the Court is mindful that dismissal of an action is the ultimate sanction, and should be the punishment of last resort when no lesser sanctions would be effective. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993). However, once the aggravating factors outweigh the judicial

system's strong preference for resolving cases on their merits, dismissal becomes an appropriate remedy. *Ehrenhaus*, 965 F.2d at 921. In addition, the Court is mindful of the Plaintiff's *pro se* status, and reads his pleadings liberally as a result. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, such liberality does not relieve the Plaintiff of the obligation to comply with the Court's rules.

Here, the Court finds that the Defendants are not prejudiced by the Plaintiff's failure to make his monthly payments towards the filing fee or otherwise comply with the Court's orders, but that the Plaintiff's conduct substantially prejudices the judicial system's ability to carry out the statutory requirements on incarcerated *in forma pauperis* litigants, 28 U.S.C. § 1915(b)(1), and to ensure compliance with the Court's orders. By all appearances, the Plaintiff appears to be fully culpable for his failure to comply with the Court's orders. Both the Order granting leave to proceed *in forma pauperis* and this Court's Order to Show Cause clearly explained the Plaintiff's obligations, and both were served on the Plaintiff by mail at his addresses of record.[1] The Court finds that the Plaintiff was warned in both orders that a failure to comply might result in dismissal. *Docket* # 6 at 3; *Docket* # 26 at 2.

Finally, the Court concludes that sanction short of dismissal can cure the prejudice caused to the judicial system. The Plaintiff is presently four months in arrears on his monthly payments, and by failing to respond in any way to the Court's Order to Show Cause, appears to have purposefully disregarded it. Because the Court can exercise its authority only by issuing orders, a

---

[1] The order granting leave to proceed *in forma pauperis* was sent to the address in Buena Vista, Colorado shown in the Plaintiff's Complaint. The Order to Show Cause was sent to the Aurora, Colorado address provided by the Plaintiff in his October 17, 2006 Notice of Change of Address **(# 19)**.

party's deliberate, repeated disregard of those orders leaves the Court with no alternative but to dismiss the action.  Accordingly, the Court finds that no lesser sanction is appropriate.

For the foregoing reasons, the Plaintiff's Complaint is **DISMISSED** for failure to make monthly filing fees as required by 28 U.S.C. § 1915(b)(1), and for failure to comply with the Orders of this Court.  The Clerk of the Court shall close this case.

Dated this 18th day of December, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge